UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dawn Perry,<br><br>                  Petitioner,<br><br>v.<br><br>Julie Nicklin, Warden,<br><br>                  Respondent. | Case No. 15-cv-2763 (PJS/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Petitioner Dawn Perry's petition for a writ of habeas corpus, brought pursuant 28 U.S.C. § 2241. [Doc. No. 1.] The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The Court has conducted a preliminary review of Perry's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, the Court recommends dismissal of this action without prejudice for lack of jurisdiction.

In August 2008, Perry was indicted in the United States District Court for the District of North Dakota on one count of knowingly conspiring to possess with intent to distribute more than 500 grams of a mixture containing methamphetamine, in violation of

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Perry seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

21 U.S.C. § 846. *See United States v. Perry*, No. 3:08-cr-00087-RRE (D.N.D. filed Aug. 20, 2008). Two months later, Perry pleaded guilty to the offense. *Id*. Prior to the plea hearing, the government filed an information pursuant to 21 U.S.C. § 851(a) establishing that Perry had twice before been convicted of felony drug offenses: a 2005 conviction for possession of a controlled substance with intent to distribute incurred in Cass County, North Dakota; and a 1999 conviction for transportation of more than 28.5 grams of marijuana incurred in San Diego County, California. The mandatory minimum term of imprisonment for Perry's offense is ordinarily ten years, but due to two prior felony drug convictions and the government's filing of the information, the mandatory minimum sentence by statute for her offense was increased to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

But under 18 U.S.C. § 3553(e), "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." The government filed a motion under § 3553(e) on the basis of Perry's substantial assistance, thereby allowing the sentencing court to impose a sentence of less than life imprisonment. The sentencing court did just that, imposing a 222-month term of imprisonment. Perry did not directly appeal her conviction or sentence.

On October 30, 2013, Perry filed a motion for relief from that sentence pursuant to 28 U.S.C § 2255. In her § 2255 motion, Perry argued that the prior convictions used to enhance her sentence under § 851(a) were established without the fact of those

convictions having been found by a jury, in violation of the Supreme Court's then-recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The trial court denied Perry's motion, noting that "*Alleyne* 'left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury.'" *Perry*, No. 3:08-cr-00087-RRE, slip op. at 3 (D.N.D. Oct. 31, 2013) [Doc. No. 64] (quoting *United States v. Abrahamson*, 731 F.3d 751, 752 (8th Cir. 2013)). Moreover, said the trial court, *Alleyne* did not apply retroactively to cases on collateral review, as *Alleyne* was not a new rule of law but merely an extension of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See id.* at 3-4 (citing *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013)). The Eighth Circuit summarily affirmed the denial of Perry's motion under § 2255 without analysis. *United States v. Perry*, No. 13-3549, J. at 1 (8th Cir. Jan. 3, 2014).

Perry now petitions this Court for a writ of habeas corpus. The habeas petition is difficult to follow. Over half of the petition is dedicated to a claim referencing *Descamps v. United States*, 133 S. Ct. 2276 (2013), even though (1) *Descamps* does not apply retroactively to cases on collateral review, *see Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman*, 581 F. App'x 750 (11th Cir. 2014) (per curiam); *Whittaker v. Chandler*, 574 F. App'x 448 (5th Cir. 2014) (per curiam); *Dunklin v. Wilson*, No. 13-cv-2411 (PJS/JSM), 2014 WL 5464250, at *5 (D. Minn. Oct. 27, 2014); *Snyder v. Wilson*, No. 14-cv-2047 (PAM/LIB), 2014 WL 3767845, at *5 (D. Minn. July 31, 2014); and (2) *Descamps* appears entirely irrelevant to

Perry's conviction and sentence.[2] Nevertheless, 3.5 pages of Perry's 6.5-page memorandum filed in support of her habeas petition is copied verbatim (or very nearly verbatim) from language used in at least three other habeas petitions recently filed in this District: *Frost v. Nicklin*, No. 15-cv-1635 (JNE/BRT) (D. Minn. filed Mar. 30, 2015); *Jenkins v. Nicklin*, No. 15-cv-1981 (PAM/FLN) (D. Minn. filed Apr. 16, 2015); *Hemphill v. Nicklin*, No. 15-cv-2107 (JRT/FLN) (D. Minn. filed Apr. 24, 2015). Perry's habeas petition is less a request for relief based on the specific circumstances of her case than a general, all-purpose template that has been awkwardly adapted to the facts of her case.

In any event, Perry's habeas petition fails because she has chosen the improper procedural vehicle to raise her claims for relief. "A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a

---

[2] Perry argues that if the sentencing court had correctly followed the approach set forth in *Descamps*, she would not have been subject to the Sentencing Guidelines's career-offender enhancement. *See* U.S.S.G. § 4B1.1. In general, the career-offender enhancement increases the recommended sentencing range for a defendant who has twice previously been convicted of felony crimes of violence or controlled substance offenses. *Id*. In Perry's case, though, the career-offender enhancement was irrelevant. Perry was subject to a mandatory term of life imprisonment by statute. *See* 21 U.S.C. §§ 841(b)(1)(A), 851. Her recommended sentencing range was therefore also life imprisonment, regardless of the operation of the career-offender enhancement. *See* U.S.S.G § 5G1.1(b). The lower-imposed sentence on account of Perry's substantial assistance to the government amounted to a departure from that recommended range. *See* U.S.S.G. § 5K1.1. Moreover, in departing downward, the sentencing court could "consider *only* factors related to the defendant's substantial assistance to the Government," and thus could not consider anything regarding Perry's previous offenses. *See United States v. Billue*, 576 F.3d 898, 902 (8th Cir. 2009). In short, the career-offender enhancement mattered not a whit in Perry's case.

4

collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

When asked on the habeas-petition template why § 2255 is inadequate or ineffective to challenge her conviction or sentence, Perry responded that the one-year limitations period in which to bring a motion under § 2255 has expired. (Pet. at 5 [Doc. No. 1].) It is well-established, however, that "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). "Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a

5

second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.* (citations omitted). Perry may not avoid the operation of the one-year limitations period for motions under § 2255 by simply foregoing § 2255 altogether and instead seeking habeas relief. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (noting that the argument that the expiration of the limitations period allows a prisoner to seek relief under § 2241 "can't be right; it would nullify the limitations.").

The Supreme Court has not adopted a specific test for when a prisoner may invoke the savings clause, but several circuit courts have established such tests. Those tests almost always require that, where a petitioner seeks to invoke the savings clause, the petitioner must show (among other things) that he seeks to apply (1) a new rule of law that (2) has been found to apply retroactively. *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner establish that "the new rule . . . applies retroactively on collateral review . . . ."); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("The standards that these courts have articulated for the savings clause may not be framed in identical terms, but the following basic features are evident in most formulations: actual innocence and retroactivity."); *In re Davenport*, 147 F.3d at 611 (noting the "obvious" qualification that "the change of law has to have been made retroactive by the Supreme Court" for the savings clause to apply). Moreover, although the Eighth Circuit has not itself set forth a specific test as to when the savings clause should apply, it has made clear that § 2255 cannot be deemed inadequate or ineffective where the new rule from which the petitioner

6

seeks to obtain relief does not apply retroactively. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002).

Perry does not seek to avail herself of any new rule, much less a new rule made retroactive to cases on collateral review. *See Ezell v. United States*, 778 F.3d 762, 767 (9th Cir. 2015) ("In sum, *Descamps* did not announce a new rule . . . ."); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (per curiam) ("[T]he *Descamps* decision did not recognize a new right. . . . The *Descamps* opinion simply applied existing doctrine."). There is nothing in Perry's habeas petition that could not have been raised in a motion under § 2255 at an earlier date. The exclusive-remedy rule therefore forecloses Perry's attempt to seek habeas relief, and this Court lacks jurisdiction to grant any such relief. *See DeSimone*, 805 F.2d at 324. Accordingly, this Court recommends that this action be dismissed without prejudice.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

2. Petitioner Dawn Perry's motion for appointment of counsel [Doc. No. 2] be **DENIED AS MOOT**.

Dated: July 21, 2015       s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.